UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAINE G. HARRINGTON III,<br><br>                Plaintiff,<br>v.<br><br>EQUITY ASSET & PROPERTY MANAGEMENT, INC. d/b/a EQUITY RESIDENCE, LLC,<br><br>                Defendant. | Case No.: 3:18-cv-00216-GPC-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>ECF No. 9 |

Before the Court is the Motion for Default Judgment filed by Plaintiff Blaine Harrington, III. ECF No. 9. In this litigation, Harrington advances a copyright infringement claim against Defendant Equity Asset & Property Management, Inc., d/b/a Equity Residence, LLC. Equity has yet to appear or defend in this litigation. Harrington now moves for default judgment. Because the Court finds that Harrington has not shown that it has properly served Equity, the Court **DENIES** Harrington's Motion.

### BACKGROUND

According to the Complaint, Harrington is a "travel/location photographer." ECF No. 1 ¶ 2. In 2011, Harrington created the photograph that gives rise to this litigation. *Id.* ¶ 10. This wide photo shows a sunny beach with a few palm trees, surrounded by pristine ocean water and with blue skies above. *Id.* ¶ 10. A person appears to be laying

1

on the beach, soaking up the sun. *Id.* Harrington registered the photograph with the Register of Copyrights on August 29, 2011. *Id.* ¶ 11. Equity is a luxury real estate investment company. *Id.* ¶ 3. Harrington claims that Equity copied the photograph without Harrington's permission, and then distributed it on the internet to promote Equity's business. *Id.* ¶¶ 15, 16.

On January 30, Harrington filed his Complaint in this Court. ECF No. 1. According to the Return of Service filed, on February 8, 2018, the summons and complaint was served on "Jason Smith as Manager" at Equity's address of 1220 Rosecrans Street, #822, San Diego, CA, 92016. ECF No. 4. On March 13, 2018, Harrington moved for entry of default against Equity, contending that Equity was served but did not answer or respond to the Complaint within the allowed time to do so. ECF No. 5. On March 14, 2018, the Clerk entered a default against Equity. ECF No. 6. Harrington has now moved for a default judgment.

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is properly entered, a party seeking relief other than for a sum certain must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "[D]efault judgments are ordinarily disfavored." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). "The decision to grant or deny default judgment is within the discretion of the district court." *Xifin, Inc. v. Sunshine Pathways, LLC*, No. 16-CV-01218-GPC-DHB, 2016 WL 5930313, at *2 (S.D. Cal. Oct. 12, 2016) (citing *Eitel*, 782 F.2d at 1471). "In determining whether a Plaintiff is entitled to default judgment, the Court must first assess the adequacy of service of process on the party against whom default is requested." *Hupp v. San Diego Cty. Dist. Atty.*, No. 12-CV-492-IEG RBB, 2012 WL 2887229, at *4 (S.D. Cal. July 12, 2012) (citation and quotation marks omitted).

Federal Rule of Civil Procedure 4(h) provides the requirements for serving a corporation. Harrington alleges that he served Equity under Rule 4(h)(1)(A), which

allows for service "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1), in turn, permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, that means following California law.

Harrington asserts that he properly served Equity under C.C.P. § 415.20(a). That statute provides that

> a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

*Id.*

This subsection first requires that a copy of the summons and complaint be left during usual office hours at the company's office. Harrington asserts that service under this subsection was executed on February 8, 2018, through service at Defendant's office address. The Return of Service shows that the summons and complaint was delivered to Equity at their office address during usual business hours. ECF No. 4.

The subsection next requires that the summons and complaint be left "with the person who is apparently in charge thereof." The summons and complaint was given to "Jason Smith as manager." It is possible that manager Jason Smith was "the person who is apparently in charge thereof," but Harrington has not advanced that position, and the Court declines to make that argument for Harrington.

The subsection next requires that after the summons and complaint have been left at the office, they must be mailed "to the person to be served at the place where a copy of the summons and complaint were left." Service is not complete until 10 days after this

mailing. Harrington's counsel alleges that he mailed a copy of the complaint and summons to Equity's Nevada address and its Texas address, but this is not the address of where a copy of the summons and complaint were left. Harrington's counsel did mail "a copy of Plaintiff's Motion" to Equity at its Rosecrans Streets address, which is where the summons and complaint was left. The summons and complaint are attached as exhibits to the motion, but it is not clear that this mailing included the summons and complaint. Even if it did, the statute requires that mailing include "postage prepaid to the person to be served." Harrington has not shown any evidence that prepaid postage was included in mailing the summons and complaint to Equity. Based on the foregoing, the Court is not convinced that Equity has been properly served under the California statute invoked by Harrington. Harrington does not assert that service was effected under any other statute or rule.

Moreover, the Court also has concerns that C.C.P. § 412.30 was not followed. That statute requires:

> In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)."

*Id.*

If this notice does not appear on the summons served, "no default may be taken against such corporation." *Id.* The Judicial Council Comment to this statute explains that this notice is to make it clear "to the person served [if] he has been served on behalf of" a corporation, partnership, or a corporation and as an individual. *Id.* cmt. In other words, due process "requires notice to the individual of the representative capacity in which he has been served." *Id.* There is no evidence before the Court that shows that copy of the

summons served included this notice.  Furthermore, C.C.P. § 417.10 requires that the proof of service under § 415.20 contain an affidavit of the person making the service showing that "the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear."  Harrington has not pointed the Court to such affidavit.

Harrington has not shown that he properly served Equity.  The Court therefore declines to enter a default judgment.

## CONCLUSION

Plaintiff's Motion for Default Judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 15, 2018

Hon. Gonzalo P. Curiel
United States District Judge